**SO ORDERED: March 31, 2011.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

In Re:
    JAMES A. REMALEY,                                                    CASE NO. 08-90502-BHL-13
            Debtor

### ORDER ON MOTION TO COMPEL

This matter comes before the Court on the **Motion to Compel Trustee to Honor State Court Orders for Garnishment of a Creditor's Claim Payments** filed by Clifton Associates, LLC ("Clifton"), an intervening creditor, on January 19, 2011. Creditors Ultraviolet Properties, LLC ("Ultraviolet") and Radiant Entertainment, LLC ("Radiant") jointly filed a **Plaintiffs' Response to Clifton Associates, LLC's Motion to Compel Trustee to Honor State Court Orders for Garnishment of a Creditor's Claim Payments** on February 15, 2011. The Court heard the parties on this issue on February 23, 2011.

Clifton seeks an order compelling the Chapter 13 Trustee to direct the payments owed to Ultraviolet and Radiant under the Debtor's Chapter 13 Plan to Clifton to satisfy two state-court

judgments that Clifton obtained against Ultraviolet in Jefferson County, Kentucky, and domesticated in Floyd County, Indiana.  Ultraviolet and Radiant, in their response to Clifton's motion, assert that the Debtor owes monies only to Radiant, and object to any assignment of the Chapter 13 Plan payments to Clifton in its capacity as a judgment creditor of Ultraviolet.

The rights to payment at issue in this case derive from an adversary proceeding in this Court brought jointly by Ultraviolet and Radiant against the Debtor under adversary proceeding number 09-59057.  Though the state-court judgment upon which the adversary proceeding was based awarded a judgment only to Radiant, Radiant was joined by Ultraviolet in the adversary proceeding and was represented by the same lawyer.  Significantly, in the adversary proceeding, neither Radiant nor Ultraviolet sought to distinguish its rights from those of the other, proceeding jointly at all times.  The Court finds that, though Ultraviolet had no interest in the state-court judgment against the Debtor, Ultraviolet became a creditor of the Debtor upon the approval of the settlement of the adversary proceeding.

The parties to the adversary proceeding reached a settlement, which was memorialized in an **Agreed Entry of Non-Dischargeable Judgment** and was approved by the Court on March 23, 2010.  Pursuant to the settlement, the Debtor's Chapter 13 Plan was modified such that the $25,000 judgment against the Debtor in favor of Ultraviolet and Radiant "shall be treated as a 'Special Class' and shall be paid in full prior to any further distribution to other general unsecured claims."  The settlement agreement and the Debtor's subsequent **Motion to Modify Chapter 13 Plan** treat the interests of Ultraviolet and Radiant as a single, joint claim.

Finding this issue to be controlled by federal law, the Court declines to decide whether Indiana law requires or allows a judgment in favor of joint creditors to be satisfied by payment of the total amount owed to only one of the creditors.  Rather, in order to maintain fidelity to the

Bankruptcy Code's requirement that a plan "provide the same treatment for each claim within a particular class," 11 U.S.C. § 1322(a)(3), the Court finds it necessary to construe the Debtor's Plan as having recognized two distinct and equal claims within the special class created pursuant to the settlement of the adversary proceeding. Clifton, as a creditor of Ultraviolet, is entitled only to the assignment of Ultraviolet's rights to payment under the Plan.

Accordingly, the motion of the intervenor, Clifton Associates, LLC, is GRANTED IN PART and DENIED IN PART. The Trustee shall remit one half of the monies due the special class under the Plan to Radiant and one half to Clifton.

###